## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49212-1-II |
| Respondent, | |
| v. | |
| PHILMER JOHNNY, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Philmer Johnny appeals his jury trial conviction for hit and run (injury accident).  He argues that the trial court erred when it refused to give the jury a proposed jury instruction that would have told the jury that his duty to stop and exchange information could be excused if the other party left the scene of the accident.  He further argues that this error deprived him of his right to present his defense.  We affirm.[1]

### FACTS

### I. BACKGROUND

In the early morning hours of July 27, 2014, Johnny drove his van into the back of Savannah and Richard Mobley's car while the Mobleys were stopped at a traffic signal.  There were no other vehicles on the road at that time.

---

[1] Johnny also asks that we deny any requests for appellate costs.  The State asserts that it does not intend to seek appellate costs.  Accordingly, this issue is moot.

About 10 seconds after the collision, Johnny drove away very quickly. The Mobleys followed Johnny in an attempt to get his vehicle's license plate number. They called 911 to report the accident as they followed him.

After driving at least a half a mile from the accident scene, passing several areas where he could have safely stopped, Johnny stopped in a side street. When the Mobleys caught up with Johnny, he was outside his vehicle and appeared to be examining the damage to his vehicle. When Johnny saw the Mobleys, he approached their vehicle with his fists up. Because Johnny appeared "very menacing," the Mobleys did not want to contact him. 1 Report of Proceedings (RP) at 107, 114. At the 911 dispatcher's advice, the Mobleys drove away.

A short time later, Johnny sideswiped another vehicle and crashed into a tree. Johnny was transported to the hospital. Johnny's blood alcohol level was 0.18.

## II. PROCEDURE

The State charged Johnny with felony hit and run (injury accident) and driving under the influence. The State's witnesses testified as described above; Johnny presented no witnesses.

## A. JURY INSTRUCTIONS

Johnny requested that the trial court give the following jury instruction:

> The duty to supply information to the other party in an accident may be excused if the other party leaves the scene of the accident.

Clerk's Papers at 17. Defense counsel argued that Johnny was entitled to this instruction because the Mobleys drove away from "the scene" when Johnny got out of his vehicle and approached them.

The trial court refused to give the proposed instruction because there was no factual basis to support giving the instruction. It also ruled that Johnny could argue that he fulfilled the requirements of the statute even without his proposed instruction.

## B. CLOSING ARGUMENTS AND VERDICT

In closing argument, the State argued that Johnny had failed to stop at the scene of the accident or as close as possible, which required the Mobleys to chase after him. It further argued that Johnny had failed to fulfill any of the other required duties.

Defense counsel argued that if Johnny had wanted to leave the scene, he would have been "long gone." 2 RP at 241. Defense counsel further argued that Johnny had fulfilled his duty after the accident by stopping after moving his vehicle "to somewhere safe[ ]" and that it was the Mobleys who did not stop to give Johnny the opportunity to exchange information. 2 RP at 241. Defense counsel emphasized that the Mobleys were already talking to the police and that they could have locked their car doors and told Johnny they were waiting for the police rather than drive off.

In rebuttal, the State argued that it was Johnny's obligation to stop after the collision, not the Mobleys' obligation to track him down and stop, and that Johnny did not fulfill that obligation.

The jury found Johnny guilty of hit and run and driving under the influence. Johnny appeals the hit and run conviction.

## ANALYSIS

Johnny argues that the trial court erred when it refused to give his proposed instruction and that this error impermissibly infringed on his constitutional right to present his defense. We disagree.

We review a trial court's refusal to give a proposed jury instruction for abuse of discretion. *State v. Hathaway*, 161 Wn. App. 634, 647, 251 P.3d 253 (2011). Jury instructions are sufficient if they allow a party to argue its theory of the case, properly inform the jury of the applicable law, and are supported by substantial evidence. *Hathaway*, 161 Wn. App. at 647. It is reversible error to refuse to give a proposed jury instruction if the instruction properly states the law and the evidence supports it. *State v. Ager*, 128 Wn.2d 85, 93, 904 P.2d 715 (1995). "However, a defendant is not entitled to an instruction . . . for which there is no evidentiary support." *Ager*, 128 Wn.2d at 93. We review an alleged denial of the right to present a defense de novo. *State v. Jones*, 168 Wn.2d 713, 719, 230 P.3d 576 (2010).

Here, the trial court concluded that Johnny's proposed instruction was not supported by the evidence. We agree.

The uncontroverted evidence was that Johnny drove away from the scene of the accident and that he did not stop until he was at least a half a mile away from the accident scene, despite there being several areas where he could have easily pulled off of the main road. The uncontroverted evidence also showed that the only reason that Johnny was able to approach the Mobleys' vehicle was because they followed him at least a half a mile from the accident scene. This evidence does not support Johnny's claim that he stopped as close to the accident scene as possible to allow for the exchange of information and that it was the Mobleys who refused to make contact. The crime of hit and run was complete when Johnny left the scene, well before the Mobleys' second encounter with Johnny. Thus, the trial court did not err when it refused to give Johnny's proposed instruction. Because Johnny's claim that he was denied his right to present his

4

defense is premised on his argument that the trial court erred in not giving this instruction, his constitutional argument also fails.

We note that Johnny's reliance on *State v. Teuber*, 19 Wn. App. 651, 577 P.2d 147 (1978), is not persuasive. In *Teuber*, a sufficiency of the evidence case, the court held that the duty to leave or exchange information is excused if the other party leaves the scene of the collision. 19 Wn. App. at 657-58. But as discussed above, here Johnny was the party who left the scene of the collision, not the Mobleys, so *Teuber* does not apply here.

Because the trial court did not err when it refused to give Johnny's proposed instruction and the existing instructions were adequate to allow Johnny to argue his defense, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, A.C.J.

MELNICK, J.

5